09-2620-ag
Piao v. Holder

BIA
Hom, IJ
A 098 323 785

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19ᵗʰ day of July, two thousand ten.

PRESENT:
> DENNIS JACOBS,
> > *Chief Judge,*
> DEBRA ANN LIVINGSTON,
> DENNY CHIN,
> > *Circuit Judges.*

_____

LIAN YU PIAO,
> *Petitioner,*

    v.                             09-2620-ag
                                           NAC

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:      Jay Ho Lee, New York, New York.

**FOR RESPONDENT:**          Tony West, Assistant Attorney
                            General, Civil Division; Anthony C.
                            Payne, Senior Litigation Counsel,
                            Office of Immigration Litigation;
                            Margaret Kuehne Taylor, Attorney,
                            Office of Immigration Litigation;
                            Department of Justice, Washington
                            D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA" or "Board") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED.

Petitioner Lian Yu Piao, a native and citizen of the People's Republic of China, seeks review of the June 10, 2009 order of the BIA affirming the January 14, 2008 decision of Immigration Judge ("IJ") Sandy K. Hom denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Lianyu Piao*, No. A 098 323 785 (B.I.A. June 10, 2009), *aff'g* No. A 098 323 785 (Immig. Ct. N.Y. City Jan. 14, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Where the BIA adopts certain aspects of the IJ's decision but declines to adopt others, we review the IJ's decision as modified by the BIA. *See Ming Xia Chen v. BIA*, 435 F.3d 141, 144 (2d Cir. 2006). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

2

Piao argues that errors in transcriptions of the hearing tapes in this case caused the BIA to conclude that Piao had not met her burden of proving a likelihood of future persecution on the basis of her Christian religious beliefs, because the transcriptions incorrectly identified her home as "Guangdong Province, Fujian City," rather than Jilin Province, Hunchun City. A report in the record before the BIA indicated that government supervision of religious activities in China varies by region, and the BIA determined that Piao had not demonstrated that church members in Guangdong Province or "Fujian City" were subject to persecution.

An alien in removal proceedings is entitled to due process, *see Reno v. Flores*, 507 U.S. 292, 306-07 (1993), including "a reasonable opportunity . . . to present evidence on [her] own behalf," 8 U.S.C. § 1229a(b)(4)(B). Due process is violated when an alien is "denied a full and fair opportunity to present [her] claims," *Burger v. Gonzales*, 498 F.3d 131, 134 (2d Cir. 2007) (internal quotation marks omitted) (quoting *Xiao Ji Chen v. U.S. Dep't of Justice*, 424 F.3d 144, 155 (2d Cir. 2006) ("*Xiao Ji Chen I*"), *reh'g granted*, *vacated on other grounds by Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315 (2d Cir.2006) ("*Xiao Ji Chen II*")), and thereby suffers "cognizable prejudice," *Garcia-*

3

*Villeda v. Mukasey* 531 F.3d 141, 149 (2d Cir. 2008). Among other things, due process requires that an alien such as Piao "be furnished with an accurate and complete translation of official proceedings," so as "to enable the applicant to place [her] claim before the judge." *Augustin v. Sava*, 735 F.2d 32, 37 (2d Cir. 1984); *see also Sterkaj v. Gonzales*, 439 F.3d 273, 279 (6th Cir. 2006) ("Due process demands a reasonably accurate . . . transcript to allow . . . the alien to mount a challenge to the proceedings conducted before the IJ.").

We are persuaded that the BIA erred in failing to address Piao's claim that her home city and province had been erroneously transcribed and that this error requires remand in the circumstances of this case. Piao presented several documents demonstrating that, in fact, she hailed from Jilin Province, Hunchun City. She listed Jilin as her home province in her asylum application. She also submitted a Resident ID Card issued in February 2004 in Jilin. The only references in the record to her living in "Guangdong Province, Fujian City" appear in the transcript of her testimony before the IJ. During that testimony, after Piao purportedly stated that she was from "Guangdong Province, Fujian City," she asserted that the town was in "northeast" China. This assertion is consistent with her argument that she is in fact from Jilin

4

Province, Hunchun City, because Jilin Province is located in northeast China, whereas Guangdong Province is located in southeast China. Furthermore, Fujian is not a city; rather, Fujian and Guangdong are neighboring provinces, rendering Piao's answer, as reflected in the transcript, nonsensical.[1]

This distinction is material in light of the BIA's observation that "supervision of religious activity varies widely from region to region," and its recognition that the Religious Freedom Report on China did describe "incidents of harassment and possible persecution of house church officials and members in several provinces of China." BIA at 3-4. Perhaps most importantly, the Religious Freedom Report mentions instances of persecution of house church members in Jilin Province. Therefore, we cannot find that the transcription errors here were harmless. *See Xiao Ji Chen II*, 471 F.3d at 338 ("[A]n error does not require a remand if the remand would be pointless because it is clear that the agency would adhere to its prior decision in the absence of error."). On remand, the agency should resolve the factual issue of Piao's home province and assess what bearing that has on her

---

[1] We take judicial notice of these facts pertaining to the locations of provinces and cities within China. *See Burger*, 498 F.3d at 134.

5

fear of future religious persecution.[2]

We decline, however, Piao's request that we remand to a different IJ. IJ Hom's conduct did not demonstrate bias, hostility, or any other factor suggesting that he would not be capable of fairly and reliably developing the record on remand. *Cf. Islam v. Gonzales*, 469 F.3d 53, 56 (2d Cir. 2006).

For the foregoing reasons, the petition for review is GRANTED and the case is REMANDED for further proceedings consistent with this order. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[2] Piao does not challenge the agency's findings that: (1) she did not establish eligibility for relief based on either her alleged violation of the family planning policy or her aid to North Korean refugees; and (2) she did not establish past persecution on account of her Christian faith. Therefore, the agency need not address these issues on remand.